2020V0_____/SD/gr
CRAIG CARPENITO
United States Attorney
District of New Jersey
By: SARAH A. DEVLIN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel:  (973) 645-2740
sarah.devlin3@usdoj.gov

**UNITED STATE DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Hon. |
| Plaintiff, | : | Civil Action No. 20- |
| v. | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| **$222,675.00 IN UNITED STATES CURRENCY,** | : | |
| | : | |
| Defendant *in rem*. | : | |

Plaintiff, United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey (by Sarah Devlin, Assistant United States Attorney), brings this Verified Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

**I.     NATURE OF THE ACTION**

1.     The United States of America brings this action to seek the forfeiture of approximately $222,675.00 in United States currency seized on or about August 19, 2020 from Jose Ferreira ("Ferreira") (hereinafter referred to as the "Defendant in rem" or the "Defendant Property").

1

2. The Defendant in rem is subject to seizure and forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code.  The Defendant in rem is also subject to seizure and forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), which subjects to forfeiture property that was involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 or 1957, or a conspiracy to commit such a violation, in violation of Section 1956(h).

## II.     JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the District of New Jersey, and pursuant to 28 U.S.C. § 1395(a), because the Defendant Property was seized in the District of New Jersey.

5. The Defendant Property is currently in the custody of the United States.

6.      Upon the filing of this Verified Complaint for Forfeiture In Rem, the Plaintiff requests that the Clerk of the Court issue a Warrant of Arrest In Rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules"), which the plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Rule G(3)(c) of the Supplemental Rules.

### III.   FACTS

7.      In or around August 2020, Special Agents ("Agents") and Task Force Officers ("TFOs") of the Department of Homeland Security, Homeland Security Investigations, ("HSI") were investigating a money laundering and drug trafficking organization (the "Organization") in the State of New Jersey.

8.      On or about August 19, 2020 HSI obtained information utilizing lawfully monitored communications indicating that Jose Ferreira was scheduled to bring U.S. currency to a location near Teterboro Airport located in Teterboro, New Jersey. Jose Ferreira was scheduled to bring the approximately $200,000.00 in U.S. currency to a location near Teterboro airport at approximately 12:00 pm on August 19, 2020. Monitored communications indicated that once the approximately $200,000.00 in U.S. currency Jose Ferreira was scheduled to bring to the location near Teterboro Airport was received by the intended recipient, it would then be deposited into various bank accounts by the recipient of the U.S. currency.

9.      On or around this date, HSI agents and TFOs conducted mobile

and stationary surveillance on Jose Ferreira. The agents and TFOs observed Ferreira operating a black Chevrolet pickup truck with NJ license J33HLB (the "Ferreira vehicle"), arriving at the Teterboro Landing Walmart parking lot (the Walmart parking lot") at approximately 12:20 pm.

10. At approximately 12:23 pm, agents and TFOs observed Ferreira enter the Panera Bread parking lot, adjoining the Walmart parking lot where he was observed parking his vehicle behind a Honda Pilot SUV (the "Honda"). Ferreira then got out of his vehicle and met with another individual who exited the driver's compartment of the Honda. At approximately 12:26 pm, after briefly conversing with the other individuals, Ferreira was observed re-entering his vehicle and leaving the location, exiting the parking lot onto Route 46 Eastbound.

11. At approximately 12:30 pm, HSI agents and Task Force Officers that were participating in the surveillance of Ferreira, and Bergen County Sheriff's officers and detectives (collectively "law enforcement officers") observed the Ferreira vehicle traveling eastbound on Route 46 with an inoperable driver's side brake light. Law enforcement then initiated a motor vehicle stop of the Ferreira vehicle.

12. One of the two responding officers from the Bergen County Sheriff's Office initially approached the vehicle. When the officers approached Ferreira, they observed that he appeared nervous, as his hands were trembling and he stuttered when speaking with them. The officer advised Ferreira that he was stopped due to an inoperable driver's side brake light and asked Ferreira

for his driver's license, registration and insurance card. Ferreira provided the officer with the requested documents.

13. An HSI TFO then approached the Ferreira vehicle and initiated a consensual interview of Ferreira. The HSI TFO asked Ferreira for his consent to search the vehicle. Ferreira verbally consented to a search of the Ferreira vehicle.

14. During the consensual search of the Ferreira vehicle, HSI agents and TFOs noticed an odor of marijuana in the interior of the Ferreira vehicle and discovered two bundles of U.S. currency, later determined to total $20,000.00, concealed in a compartment under the rear passenger seat. The currency was banded together using rubber bands and appeared to be comprised of $20.00 bills.

15. HSI agents and TFOs then observed what appeared to be two large boxes of Fruit Loop cereal in the open truck bed of the Ferreira vehicle. Upon closer inspection the cereal boxes appeared visibly altered, more specifically they appeared to have been previously opened and resealed with hot glue. When Ferreira was asked about the two cereal boxes he became further agitated, as his shaking and stuttering increased.

16. The HSI TFO asked for, and Ferreira granted, consent to open the two cereal boxes. The HSI agents and TFOS noticed that the boxes were significantly heavier than normal boxes of cereal. Once opened, the cereal boxes were each found to contain numerous bundles of U.S. currency wrapped in rubber bands, and smelled of marijuana. The contents of the cereal boxes

5

weighed approximately 11,200 grams or 24.69 lbs.

17. The HSI TFO then questioned Ferreira about the source of the U.S. currency. Ferreira stated that the money represented money that people owed him and that he sometimes just picks the money up but he doesn't remember any details. Ferreira then stated that the money was also proceeds from his bodega. When the HSI TFO asked Ferreira for documentation such as receipts or invoices evidencing the origin of the U.S. currency, Ferreira admitted that he had no such documents. Ferreira then attempted to negotiate the return of at least a portion of the U.S. currency, such as the U.S. currency found under the rear seat.

18. Ferreira went on to say that the boxes containing the U.S. currency were in the bed of the truck for a couple of days and that he forgot about them. When asked why the currency was packaged inside of cereal boxes he stated that it was because he was afraid someone might steal it. Law enforcement officers then explained to Ferreira that, the currency was being seized because it was narcotics proceeds and related to money laundering activity.

19. Ferreira then signed a Department of Homeland Security Notice of Abandonment and Assent to Forfeiture Form abandoning all rights to the Defendant Property and waiving any further rights or proceedings as to the Defendant Property. The form lists Ferreira's address as ▇▇▇▇▇▇▇▇▇▇▇▇, Paterson, New Jersey.

20. The U.S. currency was transported the same day to the HSI office where trained personnel at the U.S. Customs and Border Protection used an Ion

6

scanner to test samples of the U.S. currency for the presence of minute loose drug particles, as opposed to drug particles that have become embedded in the bills over time, that indicate the likelihood that the bills had been exposed recently to drugs. In this instance the U.S. currency tested positive for recent contamination of both cocaine and marijuana. It was subsequently determined that the U.S. currency seized from the Ferreira vehicle (i.e., the Defendant Property) totaled $222,675.00. The currency was in the following denominations:

    a.    Fifteen  $1 bills;
    b.    Six  $5 bills;
    c.    One hundred forty-three $10 bills; and
    d.    Eleven thousand, and sixty  $20 bills

21. The prevalence of $20 bills is consistent with the denominations most frequently seized in narcotics trafficking cases.

22. The Department of Homeland Security, U.S. Customs and Border Protection (CBP), initiated administrative forfeiture proceedings against the Defendant Property. On or about September 16, 2020, Ferreira, through counsel, filed a claim with CBP contesting the forfeiture of the Defendant Property. In the Seized Asset Claim form submitted by Ferreira, he states, among other things, that agents illegally seized $222,675 in U.S. currency from his vehicle, that the source of the currency was three businesses that Ferreira contends he owns, and that he is the legal owner of the entire amount seized. The claim is signed by Jose Luis Ferreira under penalty of perjury and is dated September 9, 2020.

23. On October 22, 2019, Ferreira and Kenia Baez filed for Chapter 7 bankruptcy. On or about April 2, 2020 Ferreira's bankruptcy was dismissed

for failure to cooperate with the Trustee. The dismissal of the bankruptcy is not a discharge of debts, rather a revocation of any previously discharged debt obligations and debtor bankruptcy protections.

24. Department of Labor records for Ferreira in the State of New Jersey reveal no reported income for Ferreira from the fourth quarter of 2019 through the third quarter of 2020.

25. On or about March 30, 2017, the Drug Enforcement Administration ("DEA") seized $230,580.00 in U.S. currency as property involved in money laundering and proceeds of narcotics trafficking, from Kenia Baez-Minaya at Ferreira and Baez-Minaya's residence in Paterson, New Jersey. Ferreira and Baez-Minaya were among a total of three people present at the time of this seizure. All persons present at the time of the seizure declined ownership of the U.S. currency.

26. On or about September 26, 2019, HSI conducted surveillance of Ferreira in the vicinity of his residence in Paterson, New Jersey at which time they witnessed him loading a weighted suitcase into his vehicle and departing the area. Shortly thereafter, HSI conducted a motor vehicle stop of Ferreira. During the vehicle stop, Ferreira provided verbal consent to search his vehicle and the suitcase. The suitcase contained $108,285.00 in United States currency. Ferreira also provided verbal consent to search his home, where HSI found a large steel drug press device and a suspected narcotics money laundering ledger. Mr. Ferreira was arrested by HSI and the $108,285.00 was seized. However, the government did not pursue prosecution of Ferreira or the

forfeiture of the $108,285.00.

## FIRST CLAIM FOR FORFEITURE

27. The allegations contained in paragraphs 1 through 26 of this Verified Complaint for Forfeiture *In Rem* are incorporated herein and made part hereof.

28. As a result of the foregoing, the Defendant Property is subject to forfeiture to the United States, pursuant to 21 U.S.C. § 881(a)(6), because the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance or is proceeds traceable to an exchange of moneys or other things of value furnished in exchange for a controlled substance in violation of Title 21, Subchapter I, of the United States Code.

## SECOND CLAIM FOR FORFEITURE

29. The allegations contained in paragraphs 1 through 26 of this Verified Complaint for Forfeiture *In Rem* are incorporated herein and made part hereof.

30. As a result of the foregoing, the Defendant Property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and/or 1957 or a conspiracy to commit such a violation, in violation of Title 18, United States Code, Section 1956(h).

**WHEREFORE**, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the Defendant Property; that notice of this action be given to all persons who reasonably appear to be

potential claimants to the property; that the Defendant Property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court grant such other and further relief it deems proper and just.

Dated: December 15, 2020

            CRAIG CARPENITO
            United States Attorney

            *s/ Sarah A. Devlin*
            By: SARAH A. DEVLIN
            Assistant United States Attorney

**VERIFICATION**

| | |
|---|---|
| STATE OF NEW JERSEY | ) |
| COUNTY OF ESSEX | : ss.: |
| DISTRICT OF NEW JERSEY | ) |

I, Christopher Shields, hereby verify and declare under penalty of perjury that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that, as to those matters herein stated to be alleged on information and belief, I believe them to be true.

The sources of my knowledge and the grounds of my belief include the official files and records of the United States, information supplied to me by other law enforcement officers, and my own investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 15th day of December 2020.

*Christopher Shields*
Christopher Shields, Special Agent
Department of Homeland Security
Homeland Security Investigations

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
$222,675.00 IN UNITED STATES CURRENCY, Defendant in rem.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
AUSA Sarah Devlin, U.S. Attorney's Office, 970 Broad Street, 7th Floor, Newark, NJ 07102; sarah.devlin3@usdoj.gov; 973-645-2740

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A)

Brief description of cause:
Forfeiture of property related to controlled substances violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/15/2020
SIGNATURE OF ATTORNEY OF RECORD: s/ Sarah Devlin

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

[Print]   [Save As...]   [Reset]

2020V0_____/SD/gr
CRAIG CARPENITO
United States Attorney
District of New Jersey
By: SARAH A. DEVLIN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel:  (973) 645-2740
sarah.devlin3@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Hon. |
| Plaintiff, | : | Civil Action No. 20- |
| v. | : | |
| **$222,675.00 IN U.S. CURRENCY,** | : | **WARRANT FOR ARREST *IN REM*** |
| Defendant *in rem*. | : | |

**TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on December 15, 2020 in the United States District Court for the District of New Jersey, alleging that the defendant property, namely $222,675.00 in United States currency, is subject to seizure and forfeiture to the United States for the reasons set forth in the Complaint;

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States;

-2-

WHEREAS, in these circumstances, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules"), directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *in Rem* must be delivered to a person or organization authorized to execute it, who may be an agent with the United States Department of Homeland Security or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose.

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant property in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.

Dated: _____       _____
                                Clerk of the Court

                     By:        _____
                                Deputy Clerk